UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

GARY LA BARBERA, THOMAS GESUALDI,
LAWRENCE KUDLA, LOUIS BISIGNANO,
ANTHONY PIROZZI, FRANK FINKEL, JOSEPH
FERRARA, SR., LYNN MOUREY, MARC HERBST, **MEMORANDUM AND ORDER**
and THOMAS PIALI, Trustees and Fiduciaries of the Case No. 07-CV-2791 (FB) (RER)
Local 282 Welfare, Pension, Annuity, Job Training and
Vacation and Sick Leave Funds,

        Plaintiffs,

     -against-

TADCO CONSTRUCTION CORP.,

        Defendant.
-------------------------------------------------------------------x

*Appearance:*
*For the Plaintiffs:*
AMIE RAVITZ HOGAN, ESQ.
Friedman & Wolf
1500 Broadway, Suite 2300
New York , NY 10036

**BLOCK, Senior District Judge:**

        On July 11, 2007, plaintiffs (the "Trustees") filed a Complaint seeking an order directing defendant to present certain books and records to the Trustees' auditors, and, depending on the results of the ensuing audit, contributions defendant owes to the Funds. As defendant, after being duly served, failed to respond to the Complaint or otherwise defend against the action, *see* Clerk's Entry of Default dated December 1, 2008, the Trustees now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

        A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973

F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Trustees allege that defendant, since May 25, 2005, has been a party to a collective bargaining agreement ("CBA") and an associated trust agreement, pursuant to which defendant was required to submit "remittance reports [that] state the hours worked by employees in covered employment and the amounts to be paid into the Funds . . . ." Compl. ¶ 10. The Trustees also allege that they requested the relevant records and that defendant has failed to produce them. These allegations – deemed admitted – are sufficient to establish a breach of the CBA. Thus, plaintiffs' motion for entry of a default judgment is granted.

The Complaint requests that if the audit reveals that defendant owes contributions to the Funds, defendant be ordered to pay the delinquent contributions, interest, attorney's fees and costs. *See* 29 U.S.C. §§ 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."), 1132(g)(2) (providing remedies). The Complaint further requests that, if defendant has failed to maintain and submit the pertinent records, defendant be ordered to pay the penalty for such failure provided in the trust agreement. *See Compl.* ¶¶ 30 (for any month in which defendant failed to submit a remittance report, the Funds are entitled

to the current rate of contribution multiplied by 110% of the hours in the month with the largest number of hours), 31 (for any month for which defendant fails to provide records, the Funds are entitled to 50% of the number of hours reported for that month).

The Trustee's motion for default judgment is granted. Defendant is ordered to produce for the Trustees' auditors the pertinent books and records for the period from May 25, 2005 to the present. This production shall be made within thirty days. The matter is referred to the assigned magistrate judge to supervise the audit and issue a report and recommendation on the relief to be awarded, as indicated by the results of the audit.

**SO ORDERED**.

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 2, 2009