UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY LA BARBERA, et al., as Trustees and
Fiduciaries of Local 282 Welfare, Pension,
Annuity, Job Training and Vacation and Sick
Leave Trust Funds,

                          Plaintiffs,

      -against-

TADCO CONSTRUCTION CORP.,

                          Defendant.
-----------------------------------------------------------X

**REPORT & RECOMMENDATION**

07-CV-2791 (FB) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiffs, Gary La Barbera, Thomas Gesualdi, Louis Bisignano, Anthony Pirozzi, Frank Finkel, Joseph Ferrara, Sr., Marc Herbst, Thomas Piali, and Christopher Ward, as trustees of the Welfare, Pension, Annuity, Job Training and Vacation and Sick Leave Trust Funds of Teamsters Local 282 (the "Funds"), brought this action against defendant, Tadco Construction Corp. ("Tadco"), alleging that Tadco has violated the Employee Retirement Income Security Act of 1974 ("ERISA") because of their refusal to comply with the terms of the Restated Agreement and Declaration of Trust ("Trust Agreement") governing the Funds, as well as the collective bargaining agreement ("CBA") between Tadco and Local 282. The plaintiffs allege that Tadco did not comply with the Trust Agreement or the CBA because it has failed to respond to requests to produce its pertinent books and records for audit.

In light of Tadco's failure to appear in or otherwise defend this action, plaintiffs moved for default judgment on November 26, 2008. (Docket Entry 13.) On December 1, 2008, the Clerk of the Court noted defendant's default pursuant to Federal Rules of Civil Procedure 55(a).

On February 3, 2009, the Honorable Frederic Block found the allegations in the complaint sufficient to establish a violation of the Trust Agreement and the CBA and ordered the defendant to produce its books and records for the relevant period May 2005 to February 2, 2009 within 30 days so that an audit could be conducted to determine any outstanding contributions. (Docket Entry 19.) If the pertinent books and records were not produced, then the formulas to calculate the contributions owed under the Trust Agreement were to be assessed accordingly. (*Id.*) The matter was then referred to me to supervise the audit and issue a Report and Recommendation on the relief to be awarded. (*Id.*, at 3.)

## BACKGROUND

The Funds are employee benefit plans within the meaning of section 3(3) of ERISA. (Docket Entry 9, ¶ 5); 29 U.S.C. § 1002(3). Tadco entered into a CBA with Local 282, effective from July 1, 2002 until June 30, 2006. Pursuant to the CBA, all signatories were a party to and bound by the terms of the Trust Agreement that established the Funds on July 1, 1999.[1] (Docket Entry 14, Ex. C, Section 13(G).) On July 1, 2006, a new CBA between Tadco and Local 282 was entered into, effective through June 30, 2009, maintaining Tadco's status as being a party to and bound by the Trust Agreement. (*Id.*, Ex. C.)

Pursuant to the Trust Agreement, defendant is required to pay fringe benefit contributions to the Funds on behalf of its employees who are members of Local 282. (Docket Entry 9, ¶ 5.) Defendant is also required under the Trust Agreement to submit monthly remittance reports to the Funds. (*Id.*, ¶ 10.) The monthly remittance reports state the hours worked in any given month by the employees covered by the CBA and the amounts to be paid to the Funds based on

---

[1] As amended through January 30, 2007.

the hours worked. Tadco did not submit a remittance report for August 2006 and has not submitted any remittance reports since October 2006. (*Id.*, ¶ 11.) The plaintiffs notified Tadco of its failure to submit remittance reports and requested the delinquent reports by letter seven different times. However, Tadco never responded. (*Id.*, ¶ 12.)

An audit to review Tadco's books and records on site was scheduled for October 10, 2006. However, Tadco cancelled this audit, and it was never rescheduled. (*Id.*, ¶ 15.) Consequently, pursuant to their authority under the Trust Agreement, on February 27, 2007, the plaintiffs demanded that Tadco submit its pertinent books and records for an audit. (*Id.*, ¶ 18.) Despite the plaintiffs' demand, Tadco failed to produce the requested books and records for audit. This prompted the plaintiffs to initiate this action on July 11, 2007.

## DISCUSSION

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) and FED. R. CIV. P. 8(d)). Claims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. *Id.* An evidentiary presentation is required so that the court may ensure that there is a basis for the damages sought before entering default judgment in the amount demanded. *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40.

Plaintiffs claims that they are entitled to the following relief under the Trust Agreement:

(1) $176,698.73 in unpaid contributions;
(2) $34,674.31 in interest on the penalty amount contributions;
(3) the greater of the interest on the penalty amount contributions or liquidated damages;
(4) $5,572 in attorney's fees; and
(5) $1,861.60 in costs.

To support their damages request, the plaintiffs submitted a declaration of Theresa Cody, an employee of the Funds who is responsible for organizing the Funds' records and recording whether an employer has submitted monthly remittance reports and required contributions to the Funds. (Docket Entry 14.) Attached to Cody's declaration is the Trust Agreement, the expired CBA, and the current CBA. (*Id.*, Ex. A, B, and C.) In addition, the plaintiffs submitted a declaration of Ken Jones, an auditor who computed the amount due by Tadco for their failure to comply with the Trust Agreement and CBA. (Docket Entry 15.) Attached to Jones' declaration is his audit report. (*Id.*, Ex. A.) The plaintiffs also submitted a declaration of Anusha Rasalingam, their lead attorney, supporting their request for interest, liquidated damages, attorney's fees and costs. (Docket Entry 16.) On February 24, 2009, Ken Jones submitted a second declaration that further explained the plaintiffs' damages calculation and included the monthly remittance reports submitted by Tadco during the relevant period. (Docket Entry 20; *Id.*, Ex. A.)

According to the Trust Agreement, if an employer fails to submit remittance reports and/or books and records for an audit, a formula may be utilized to calculate the contribution amounts due by the employer, notwithstanding the employer's submission of monthly remittance reports and payment of the appropriate contribution during the requested audit period. The Trust

Agreement provides two different calculation methods. Determining which of the two methods to use depends on whether Tadco submitted monthly remittance reports or not. (Docket Entry 9, ¶ 33-36.)

A. <u>Calculation of Unpaid Contributions</u>

    1. <u>No Reports and No Books and Records Submitted</u>

For months in which Tadco failed to submit monthly remittance reports, the formula set forth in Article IX(1)(e) of the Trust Agreement applies:

> [i]n the event the Employer fails to submit the required [remittance] reports and/or[2] pertinent books and records for audit within twenty (20) days after written demand, the Trustees, or their agents, may compute the sum due for any month by adding 10 percent to the number of hours for the month in which the largest number of hours were reported in the previous twelve (12) reports submitted by the Employer (hereinafter referred to as the base month).

The number of hours reported in the base month is increased by 10 percent; this number is then multiplied by the appropriate fringe benefit rate ("FBR") to arrive at the contribution amount due for that month. (Docket Entry 14, Ex. A, Article IX(1)(e).) This formula provides a mechanism to estimate the contributions owed by the employer to the Funds since no reports were submitted and no books and records were made available to determine how much the employer owes for that month. *LaBarbera v. J.D. Collyer Equipment Corp.*, 337 F.3d 132, 134 (2d Cir. 2003) (approving of the use of an identical formula).

Tadco did not submit remittance reports or its books and records for August 2006, or

---

    [2] Because of the word "or" in this section, the formula could arguably be read to apply to the months when a remittance report was submitted but the pertinent books and records were not. However, this interpretation is not only inconsistent with the remaining provisions of Article IX(1)(e), but is also in conflict with Article IX(1)(f), which expressly provides for a remedy in such a situation.

from October 2006 through September 2008. Accordingly, there are 25 months in which this formula may be used to determine the contribution amounts. In the last 12 reports submitted by Tadco, the greatest number of hours reported was 201.5 in December 2005. (Docket Entry 21, ¶ 20.) Therefore, utilizing the formula yields 221.65 hours (201.5 times 1.10) per month for the 25 months that Tadco did not submit reports or books and records. Plaintiffs argue that 221.65 should then be multiplied by the September 2008 FBR for each of the 25 months to arrive at the contribution amount owed.[3] The September 2008 FBR, however, did not become effective until July 1, 2008, and therefore should not be used retroactively for periods prior thereto. (Docket Entry 14, Ex. C.) Consequently, the appropriate FBR is the FBR that was in effect for each month in which the work was performed by the Local 282 member/employee. Using this method, I calculate that the plaintiffs are entitled to $153,881.62 for the 25 month period in which no reports and no books and records were submitted:

| Months | Hours | Total FBRs | Total Amount |
| --- | --- | --- | --- |
| 8/06 and 10/06-6/07 | 2216.5 (10 months * 221.65 hrs) | $26.7025 per hour | $59,186.09 (2216.5 * $26.7025) |
| 7/07-6/08 | 2659.8 (12 months * 221.65 hrs) | $28.3025 per hour | $75,278.99 (2659.8 * $28.3025) |
| 7/08-9/08 | 664.95 (3 months * 221.65 hrs) | $29.20 per hour | $19,416.54 (664.95 * $29.20) |
| | | **Total Amount:** | $153,881.62 |

I respectfully recommend that the plaintiffs be awarded $153,881.62 for these months.

---

[3] September 2008 is the month in which Ken Jones conducted an audit, and he used the FBRs that were effective at that time.

## 2. Reports but No Books or Records Submitted

For the months in which monthly remittance reports were submitted by the defendant but the pertinent books and records were not provided upon request, Article IX(1)(f) of the Trust Agreement provides:

> [i]n the event the Employer submits the required remittance reports, but thereafter such Employer fails to submit the pertinent books and records for audit . . . the Trustees and/or their agents may compute the additional contributions due for any month by taking 50 percent of the number of hours reported for that month and then multiplying said number of hours by the current contribution rate. (*Id.*, Ex. A, Article IX(1)(f).)

Thus, the failure to provide the pertinent books and records upon request entitles the plaintiffs to collect additional contributions from the employer amounting to half the contribution amount already paid for that month. Employers are required to maintain records so that the Funds can ensure the accuracy of the remittance reports, and thereby effectively countering the problem of misreporting by employers. *LaBarbera*, 337 F.3d at 137. If the pertinent books and records are not available, the Funds are unable to verify the truth and accuracy of the reported hours and the contributions made to the Funds for those months. *Id.*, at 134. When the Funds are unable to verify that the employer reported and paid the correct contribution, this formula imposes an additional contribution on the employer as a "good faith estimate of the truth." *Id.*, at 137.

Tadco did submit remittance reports from June 2005 through July 2006, but did not provide the pertinent books and records for that period. Another report was submitted by Tadco in September 2006 with no accompanying books and records, and thereafter no remittance reports were submitted through September 2008. (Docket Entry 20, Ex. A.) Therefore, for the 15 months that Tadco did submit a remittance report but not the pertinent books and records, the

plaintiffs are entitled to implement this formula and seek additional contributions. As discussed above, the applicable FBR is the rate that was in effect at the time the work was performed and the report was submitted. Based on the monthly remittance reports, I calculate that the plaintiffs are entitled to additional contributions amounting to $12,598.58:

| Months | Reported Hours | Reported Hours / 2 | Total of Effective FBRs | Total Contribution |
|---|---|---|---|---|
| 6/05 | 246.5 | 123.25 | $23.6025 | $2,909.01 |
| 6/05-9/06[4] | 772 | 386 | $25.1025 | $9,689.57 |
| | | | **Total Amount:** | $12,598.58 |

I respectfully recommend that the plaintiffs be awarded $12,598.58 for these months.

B. Prejudgment Interest

Plaintiffs also seek prejudgment interest on the unpaid contributions in the amount of $34,671.31. (Docket Entry 9, ¶ 28.) Pursuant to ERISA, "interest on the unpaid contributions shall be determined by using the rate provided for under the plan . . . ." 29 U.S.C. § 1132(g)(2)(B). An Amendment to the Trust Agreement, effective October 28, 2003, states that the interest to be charged is at a rate of "1 ½ % per month for each . . . amount due for each month." (Docket Entry 14, Ex. A, Article IX(5)(d)(2).) A 1½ percent monthly interest rate results in an 18 percent per annum rate. (Docket Entry 15, ¶ 13.) This rate is the equivalent to 0.0493 percent per day (18% / 365 days).

The per diem rate is then multiplied by the number of days the principal for that month is

---

[4] Zero hours were reported for August 2005, and February through September 2006. Accordingly, no penalty is owed for those months. Furthermore, no report was submitted for August 2006, so it subject to the other penalty formula discussed above.

in arrears through September 2008.[5] Pursuant to the Trust Agreement, interest begins to accrue on the first day of the month in which payment is due. (*Id.*) Payment is due for each month 45 days after the last day of the calendar month in which the work was performed. (Docket Entry 14, Ex. B, Section 13(F).) For example, the June 2005 payment was due August 14, 2005—45 days after June 30. Therefore, for the June 2005 unpaid contribution amount due to the Funds, interest began accruing on August 1, 2005 and ended September 30, 2008. This number is then multiplied by the unpaid contribution amounts for that month. *See Trustees of Local 807 Labor-Management Health & Pension Funds v. River Trucking and Rigging, Inc.*, No. 03-CV-3659, 2005 WL 3307080, at *1 (E.D.N.Y. Dec. 2, 2005). Following the same method for all the relevant months, using the appropriate FBRs as discussed above, the total interest on the unpaid contributions due to the Funds is $31,638.35, not $34,674.31 as the plaintiffs suggest. See attached table for interest calculations (Appendix A). Accordingly, I recommend the plaintiffs be awarded $31,638.35 in interest.

C. Liquidated Damages

Under ERISA, plaintiffs are entitled to an amount equal to the greater of (1) interest on the unpaid contributions; or (2) liquidated damages provided for under the plan that is not greater than 20 percent of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(C). Article IX, Section 3(d) of the Trust Agreement mirrors the statutory language, (Docket Entry 14, Ex. A, Article IX(3)(d)), and the plaintiffs requested an amount equal to the greater of the two. (Docket Entry

---

[5] Because plaintiffs provide interest calculations through September 30, 2008, I limit my interest calculations accordingly.

9, ¶ 28.) The greater of the two amounts is $33,296.04,[6] which I respectfully recommend that plaintiffs be awarded for liquidated damages.

D. <u>Attorneys' Fees</u>

Plaintiffs also seek to recover attorneys' fees. An award of reasonable attorneys' fees is mandatory under ERISA. *See* 29 U.S.C. § 1132(g)(2)(D). Furthermore, under Article IX, Section 3(a), plaintiffs are entitled to attorneys' fees "equal to the actual amount to be billed to the Trustees by their counsel for work performed in connection with this matter." (Docket Entry 14, Ex. A, Article IX(3)(a).) Even though the Trust Agreement provides that the plaintiffs are entitled to the actual amount billed by their attorneys, an award of attorneys' fees must still be reasonable under the statute. *Bourgal v. Lakewood Haulage Inc.*, 827 F. Supp. 126, 129 (E.D.N.Y. 1993) ("The determination of a reasonable fee award under Section 1132(g)(2)(D) of ERISA lies within the sound discretion of the district judge.") In support of their request for attorneys' fees, plaintiffs submitted a declaration of Anusha Rasalingam, their lead attorney in this matter. (Docket Entry 16.) Attached to Rasalingam's declaration is a detailed invoice, describing the time spent on the case by Rasalingam and her associate, Amie Ravitz Hogan, in discrete entries (i.e., in non-block billed form). (*Id.*, Ex. C.) Both attorneys charge $280.00 an hour; and they spent a combined total of 19.9 hours on the case, resulting in $5,572 in attorneys' fees. (*Id.* at ¶ 29.) I find these rates and the hours spent to be reasonable given the complexity of the case and the attorneys' expertise in labor and employee benefit practice.[7] *See, e.g.,*

---

[6] This amount represents 20 percent of the total unpaid contribution calculation (.20 multiplied by $166,480.20).

[7] Rasalingam has been engaged in labor and employee benefits practice since 2003; meanwhile, Hogan has been engaged in the practice of labor and employment law since 2000.

*McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 97-8 (2d Cir. 2006). Accordingly, I recommend that plaintiffs be awarded $5,572 in attorneys' fees.

E. Costs

The plaintiffs request a total of $1,861.60 in costs. (Docket Entry 9.) Under ERISA, an award of costs is mandatory. *See* 29 U.S.C. § 1132(g)(2)(D). Plaintiffs incurred $1,064.10 in costs commencing this action (e.g., filing fees, postage, and service of process). (Docket Entry 16, Ex. D.) These costs are reasonable, so I respectfully recommend the plaintiffs be awarded this amount.

The plaintiffs are also entitled to the audit costs under Article IX(3)(b) of the Trust Agreement.[8] (Docket Entry 14, Ex. A, Article IX(3)(b).) The declaration of Ken Jones, the Funds' auditor, states that the audit cost $797.50. Plaintiffs request this amount. (Docket Entry 15, ¶ 14.) Attached to Jones's declaration is a summary of the audit, confirming this cost. (*Id.* ¶ 14, Ex. A.) I find the cost to be reasonable. Therefore, I recommend the plaintiffs be awarded the full costs of the audit in accordance with the Trust Agreement.

In conclusion, I respectfully recommend the plaintiffs be awarded costs totaling $1,861.60.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that default judgment be entered against defendant in the amount of $238,133.21, comprised of 1) $166,480.20 in unpaid contributions; 2) $31,638.35 in prejudgment interest through September 2008; 3) $33,296.04 in

---

[8] Effective September 1, 2000, plaintiffs are entitled to an auditor's fee of $350 or any other amount that the Trustees request if it is determined, by an audit, that the amount of the Employer's delinquent contributions to the Funds exceeds $2,000 in the aggregate. Tadco owes the Funds more than $2,000 in contributions. Thus, the plaintiffs are entitled to more than $350 in auditor's fees.

liquidated damages; 4) $5,572 in attorneys' fees; and 5) $1,861.60 in costs.

Any objects to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Frederic Block within ten business days of receipt hereof. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6, 72; *Small v. Sect'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). Plaintiffs are hereby directed to serve copies of this Report and Recommendation upon defendant, and to promptly file proof of service with the Court.

**Dated: May 4, 2009**
       **Brooklyn, New York**

*/s/ Ramon E. Reyes, Jr.*
Ramon E. Reyes, Jr.
**United States Magistrate Judge**

**Appendix A**

WELFARE INTEREST CALCULATIONS

| Month | Hours | FBR | Interest Rate | Days Late | Amount Due |
|---|---|---|---|---|---|
| Jun 2005 | 123.25 | 8.85 | 0.0493 | 1156 | 621.82 |
| Jul 2005 | 82.5 | 8.85 | 0.0493 | 1125 | 405.06 |
| Sept 2005 | 52 | 8.85 | 0.0493 | 1064 | 241.47 |
| Oct 2005 | 65.5 | 8.85 | 0.0493 | 1034 | 295.58 |
| Nov 2005 | 76 | 8.85 | 0.0493 | 1003 | 332.68 |
| Dec 2005 | 100.75 | 8.85 | 0.0493 | 972 | 427.39 |
| Jan 2006 | 9.25 | 8.85 | 0.0493 | 944 | 38.1 |
| Aug 2006 | 221.65 | 8.95 | 0.0493 | 730 | 714.15 |
| Oct 2006 | 221.65 | 8.95 | 0.0493 | 669 | 654.41 |
| Nov 2006 | 221.65 | 8.95 | 0.0493 | 638 | 624.09 |
| Dec 2006 | 221.65 | 8.95 | 0.0493 | 607 | 593.76 |
| Jan 2007 | 221.65 | 8.95 | 0.0493 | 579 | 566.37 |
| Feb 2007 | 221.65 | 8.95 | 0.0493 | 548 | 536.05 |
| Mar 2007 | 221.65 | 8.95 | 0.0493 | 518 | 506.7 |
| Apr 2007 | 221.65 | 8.95 | 0.0493 | 487 | 476.38 |
| May 2007 | 221.65 | 8.95 | 0.0493 | 457 | 447.03 |
| Jun 2007 | 221.65 | 8.95 | 0.0493 | 428 | 418.66 |
| Jul 2007 | 221.65 | 9.2 | 0.0493 | 395 | 395 |
| Aug 2007 | 221.65 | 9.2 | 0.0493 | 365 | 365 |
| Sept 2007 | 221.65 | 9.2 | 0.0493 | 334 | 334 |
| Oct 2007 | 221.65 | 9.2 | 0.0493 | 304 | 304 |
| Nov 2007 | 221.65 | 9.2 | 0.0493 | 273 | 273 |
| Dec 2007 | 221.65 | 9.2 | 0.0493 | 242 | 242 |
| Jan 2008 | 221.65 | 9.2 | 0.0493 | 213 | 213 |
| Feb 2008 | 221.65 | 9.2 | 0.0493 | 182 | 182 |
| Mar 2008 | 221.65 | 9.2 | 0.0493 | 152 | 152 |
| Apr 2008 | 221.65 | 9.2 | 0.0493 | 121 | 121 |
| May 2008 | 221.65 | 9.2 | 0.0493 | 91 | 91 |
| Jun 2008 | 221.65 | 9.2 | 0.0493 | 60 | 60 |
| Jul 2008 | 221.65 | 9.6 | 0.0493 | 29 | 30.43 |
| | | | | Total Due: | 10,662.13 |

PENSION INTEREST CALCULATIONS

| Month | Hours | FBR | Interest Rate | Days Late | Amount Due |
|---|---|---|---|---|---|
| Jun 2005 | 123.25 | 5.7 | 0.0493 | 1156 | 402.08 |
| Jul 2005 | 82.5 | 6.1 | 0.0493 | 1125 | 279.2 |
| Sept 2005 | 52 | 6.1 | 0.0493 | 1064 | 166.43 |
| Oct 2005 | 65.5 | 6.1 | 0.0493 | 1034 | 203.73 |
| Nov 2005 | 76 | 6.1 | 0.0493 | 1003 | 229.31 |
| Dec 2005 | 100.75 | 6.1 | 0.0493 | 972 | 294.59 |
| Jan 2006 | 9.25 | 6.1 | 0.0493 | 944 | 26.26 |
| Aug 2006 | 221.65 | 7 | 0.0493 | 730 | 558.52 |
| Oct 2006 | 221.65 | 7 | 0.0493 | 669 | 511.85 |
| Nov 2006 | 221.65 | 7 | 0.0493 | 638 | 488.13 |
| Dec 2006 | 221.65 | 7 | 0.0493 | 607 | 464.41 |
| Jan 2007 | 221.65 | 7 | 0.0493 | 579 | 442.99 |
| Feb 2007 | 221.65 | 7 | 0.0493 | 548 | 419.27 |

**Appendix A**

| Month | Hours | FBR | Interest Rate | Days Late | Amount Due |
|---|---|---|---|---|---|
| Mar 2007 | 221.65 | 7 | 0.0493 | 518 | 396.32 |
| Apr 2007 | 221.65 | 7 | 0.0493 | 487 | 372.6 |
| May 2007 | 221.65 | 7 | 0.0493 | 457 | 346.64 |
| Jun 2007 | 221.65 | 7 | 0.0493 | 428 | 325.92 |
| Jul 2007 | 221.65 | 7 | 0.0493 | 395 | 302.21 |
| Aug 2007 | 221.65 | 7 | 0.0493 | 365 | 279.26 |
| Sept 2007 | 221.65 | 7 | 0.0493 | 334 | 255.54 |
| Oct 2007 | 221.65 | 7 | 0.0493 | 304 | 232.59 |
| Nov 2007 | 221.65 | 7 | 0.0493 | 273 | 208.87 |
| Dec 2007 | 221.65 | 7 | 0.0493 | 242 | 185.15 |
| Jan 2008 | 221.65 | 7 | 0.0493 | 213 | 162.96 |
| Feb 2008 | 221.65 | 7 | 0.0493 | 182 | 139.24 |
| Mar 2008 | 221.65 | 7 | 0.0493 | 152 | 116.29 |
| Apr 2008 | 221.65 | 7 | 0.0493 | 121 | 92.57 |
| May 2008 | 221.65 | 7 | 0.0493 | 91 | 69.62 |
| Jun 2008 | 221.65 | 7 | 0.0493 | 60 | 45.9 |
| Jul 2008 | 221.65 | 7 | 0.0493 | 29 | 22.18 |
| | | | | Total Due: | 8040.63 |

ANNUITY INTEREST CALCULATIONS

| Month | Hours | FBR | Interest Rate | Days Late | Amount Due |
|---|---|---|---|---|---|
| Jun 2005 | 123.25 | 6.2525 | 0.0493 | 1156 | 439.18 |
| Jul 2005 | 82.5 | 7.0525 | 0.0493 | 1125 | 322.79 |
| Sept 2005 | 52 | 7.0525 | 0.0493 | 1064 | 205.31 |
| Oct 2005 | 65.5 | 7.0525 | 0.0493 | 1034 | 235.55 |
| Nov 2005 | 76 | 7.0525 | 0.0493 | 1003 | 265.11 |
| Dec 2005 | 100.75 | 7.0525 | 0.0493 | 972 | 340.59 |
| Jan 2006 | 9.25 | 7.0525 | 0.0493 | 944 | 30.36 |
| Aug 2006 | 221.65 | 7.6525 | 0.0493 | 730 | 610.62 |
| Oct 2006 | 221.65 | 7.6525 | 0.0493 | 669 | 559.59 |
| Nov 2006 | 221.65 | 7.6525 | 0.0493 | 638 | 533.36 |
| Dec 2006 | 221.65 | 7.6525 | 0.0493 | 607 | 507.45 |
| Jan 2007 | 221.65 | 7.6525 | 0.0493 | 579 | 484.04 |
| Feb 2007 | 221.65 | 7.6525 | 0.0493 | 548 | 458.12 |
| Mar 2007 | 221.65 | 7.6525 | 0.0493 | 518 | 433.04 |
| Apr 2007 | 221.65 | 7.6525 | 0.0493 | 487 | 407.13 |
| May 2007 | 221.65 | 7.6525 | 0.0493 | 457 | 382.05 |
| Jun 2007 | 221.65 | 7.6525 | 0.0493 | 428 | 356.13 |
| Jul 2007 | 221.65 | 8.6525 | 0.0493 | 395 | 373.58 |
| Aug 2007 | 221.65 | 8.6525 | 0.0493 | 365 | 343.1 |
| Sept 2007 | 221.65 | 8.6525 | 0.0493 | 334 | 313.96 |
| Oct 2007 | 221.65 | 8.6525 | 0.0493 | 304 | 285.76 |
| Nov 2007 | 221.65 | 8.6525 | 0.0493 | 273 | 256.62 |
| Dec 2007 | 221.65 | 8.6525 | 0.0493 | 242 | 227.48 |
| Jan 2008 | 221.65 | 8.6525 | 0.0493 | 213 | 200.22 |
| Feb 2008 | 221.65 | 8.6525 | 0.0493 | 182 | 171.08 |
| Mar 2008 | 221.65 | 8.6525 | 0.0493 | 152 | 142.88 |
| Apr 2008 | 221.65 | 8.6525 | 0.0493 | 121 | 113.74 |
| May 2008 | 221.65 | 8.6525 | 0.0493 | 91 | 85.54 |

**Appendix A**

| | | | | | |
|---|---|---|---|---|---|
| Jun 2008 | 221.65 | 8.6525 | 0.0493 | 60 | 57.34 |
| Jul 2008 | 221.65 | 9.15 | 0.0493 | 29 | 29 |
| | | | | Total Due: | 9170.72 |

JOB TRAINING INTEREST CALCULATIONS

| Month | Hours | FBR | Interest Rate | Days Late | Amount Due |
|---|---|---|---|---|---|
| Jun 2005 | 123.25 | 0.1 | 0.0493 | 1156 | 7.03 |
| Jul 2005 | 82.5 | 0.1 | 0.0493 | 1125 | 4.58 |
| Sept 2005 | 52 | 0.1 | 0.0493 | 1064 | 2.73 |
| Oct 2005 | 65.5 | 0.1 | 0.0493 | 1034 | 3.34 |
| Nov 2005 | 76 | 0.1 | 0.0493 | 1003 | 3.76 |
| Dec 2005 | 100.75 | 0.1 | 0.0493 | 972 | 4.83 |
| Jan 2006 | 9.25 | 0.1 | 0.0493 | 944 | 0.43 |
| Aug 2006 | 221.65 | 0.1 | 0.0493 | 730 | 7.98 |
| Oct 2006 | 221.65 | 0.1 | 0.0493 | 669 | 7.31 |
| Nov 2006 | 221.65 | 0.1 | 0.0493 | 638 | 6.97 |
| Dec 2006 | 221.65 | 0.1 | 0.0493 | 607 | 6.63 |
| Jan 2007 | 221.65 | 0.1 | 0.0493 | 579 | 6.33 |
| Feb 2007 | 221.65 | 0.1 | 0.0493 | 548 | 5.99 |
| Mar 2007 | 221.65 | 0.1 | 0.0493 | 518 | 5.66 |
| Apr 2007 | 221.65 | 0.1 | 0.0493 | 487 | 5.32 |
| May 2007 | 221.65 | 0.1 | 0.0493 | 457 | 5 |
| Jun 2007 | 221.65 | 0.1 | 0.0493 | 428 | 4.66 |
| Jul 2007 | 221.65 | 0.1 | 0.0493 | 395 | 4.32 |
| Aug 2007 | 221.65 | 0.1 | 0.0493 | 365 | 3.99 |
| Sept 2007 | 221.65 | 0.1 | 0.0493 | 334 | 3.65 |
| Oct 2007 | 221.65 | 0.1 | 0.0493 | 304 | 3.32 |
| Nov 2007 | 221.65 | 0.1 | 0.0493 | 273 | 2.98 |
| Dec 2007 | 221.65 | 0.1 | 0.0493 | 242 | 2.65 |
| Jan 2008 | 221.65 | 0.1 | 0.0493 | 213 | 2.33 |
| Feb 2008 | 221.65 | 0.1 | 0.0493 | 182 | 1.99 |
| Mar 2008 | 221.65 | 0.1 | 0.0493 | 152 | 1.66 |
| Apr 2008 | 221.65 | 0.1 | 0.0493 | 121 | 1.32 |
| May 2008 | 221.65 | 0.1 | 0.0493 | 91 | 0.99 |
| Jun 2008 | 221.65 | 0.1 | 0.0493 | 60 | 0.66 |
| Jul 2008 | 221.65 | 0.1 | 0.0493 | 29 | 0.32 |
| | | | | Total Due: | 118.73 |

VACATION INTEREST CALCULATIONS

| Month | Hours | FBR | Interest Rate | Days Late | Amount Due |
|---|---|---|---|---|---|
| Jun 2005 | 123.25 | 2.7 | 0.0493 | 1156 | 189.65 |
| Jul 2005 | 82.5 | 3 | 0.0493 | 1125 | 137.31 |
| Sept 2005 | 52 | 3 | 0.0493 | 1064 | 81.85 |
| Oct 2005 | 65.5 | 3 | 0.0493 | 1034 | 100.19 |
| Nov 2005 | 76 | 3 | 0.0493 | 1003 | 112.77 |
| Dec 2005 | 100.75 | 3 | 0.0493 | 972 | 144.88 |
| Jan 2006 | 9.25 | 3 | 0.0493 | 944 | 12.91 |
| Aug 2006 | 221.65 | 3 | 0.0493 | 730 | 239.38 |
| Oct 2006 | 221.65 | 3 | 0.0493 | 669 | 219.36 |

**Appendix A**

| Month | | | | | |
|---|---|---|---|---|---|
| Nov 2006 | 221.65 | 3 | 0.0493 | 638 | 209.2 |
| Dec 2006 | 221.65 | 3 | 0.0493 | 607 | 199.03 |
| Jan 2007 | 221.65 | 3 | 0.0493 | 579 | 189.85 |
| Feb 2007 | 221.65 | 3 | 0.0493 | 548 | 179.68 |
| Mar 2007 | 221.65 | 3 | 0.0493 | 518 | 169.85 |
| Apr 2007 | 221.65 | 3 | 0.0493 | 487 | 159.68 |
| May 2007 | 221.65 | 3 | 0.0493 | 457 | 149.85 |
| Jun 2007 | 221.65 | 3 | 0.0493 | 428 | 139.68 |
| Jul 2007 | 221.65 | 3.35 | 0.0493 | 395 | 144.64 |
| Aug 2007 | 221.65 | 3.35 | 0.0493 | 365 | 133.65 |
| Sept 2007 | 221.65 | 3.35 | 0.0493 | 334 | 122.3 |
| Oct 2007 | 221.65 | 3.35 | 0.0493 | 304 | 111.32 |
| Nov 2007 | 221.65 | 3.35 | 0.0493 | 273 | 99.97 |
| Dec 2007 | 221.65 | 3.35 | 0.0493 | 242 | 88.62 |
| Jan 2008 | 221.65 | 3.35 | 0.0493 | 213 | 78 |
| Feb 2008 | 221.65 | 3.35 | 0.0493 | 182 | 66.64 |
| Mar 2008 | 221.65 | 3.35 | 0.0493 | 152 | 55.66 |
| Apr 2008 | 221.65 | 3.35 | 0.0493 | 121 | 44.31 |
| May 2008 | 221.65 | 3.35 | 0.0493 | 91 | 33.32 |
| Jun 2008 | 221.65 | 3.35 | 0.0493 | 60 | 21.97 |
| Jul 2008 | 221.65 | 3.35 | 0.0493 | 29 | 10.62 |
| | | | | Total Due: | 3646.14 |